# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

February 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LOCKWOOD & LOCKWOOD, PLLC,**
**Employer Below, Petitioner**

**vs.)  No. 14-1313**  (BOR Appeal No. 2049542)
(Claim No. 2014009519)

**JANE A. HARRELL,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lockwood & Lockwood, PLLC, by Matthew Williams, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jane A. Harrell, pro se, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 24, 2014, in which the Board affirmed a June 19, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 23, 2013, decision rejecting Ms. Harrell's application for workers' compensation benefits and held the claim compensable for bilateral carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 2, 2013, Ms. Harrell, who is employed as a legal assistant, filed an application for workers' compensation benefits arising from a diagnosis of bilateral carpal tunnel syndrome. On the same date, Ms. Harrell sought treatment with Allen Young, M.D., who diagnosed Ms. Harrell with bilateral carpal tunnel syndrome. Dr. Young noted that she reports a worsening of her symptoms throughout the work day, particularly when typing. After noting that Ms. Harrell has performed keyboarding every day for a period of several years, Dr. Young

1

opined that the primary etiology of her diagnosis is her employment. He noted that Ms. Harrell carries a diagnosis of hypothyroidism but stated that her thyroid disorder has been well controlled for approximately twenty years with no recent changes in her condition coinciding with the diagnosis of carpal tunnel syndrome. Finally, Dr. Young opined that there are no avocational issues which could be identified as potential causes of Ms. Harrell's bilateral carpal tunnel syndrome.

On October 22, 2013, Rebecca Thaxton, M.D., performed a records review. She noted that Ms. Harrell is a clerical worker who primarily engages in keyboarding. Dr. Thaxton noted that relevant medical literature does not readily identify keyboarding as a causative factor in the development of carpal tunnel syndrome and opined that Ms. Harrell's development of carpal tunnel syndrome does not appear to be work-related. On October 23, 2013, the claims administrator rejected Ms. Harrell's application for workers' compensation benefits.

In its Order reversing the October 23, 2013, claims administrator's decision, the Office of Judges held that a preponderance of the evidence demonstrates that Ms. Harrell developed bilateral carpal tunnel syndrome as a result of her occupation. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated November 24, 2014.

The Office of Judges noted that although West Virginia Code of State Rules § 85-20-41.5 (2006) provides that clerical duties do not inherently lead to the development of carpal tunnel syndrome, the Rule does not act to bar all carpal tunnel syndrome claims arising in a clerical setting. The Office of Judges further noted that Ms. Harrell's hypothyroidism, which could predispose her to the development of carpal tunnel syndrome, has been well controlled for approximately twenty years. Additionally, the Office of Judges noted that Ms. Harrell reports experiencing an increase in her symptoms while performing her occupational duties. Finally, the Office of Judges concluded that the evidentiary record indicated that the only likely etiology of Ms. Harrell's bilateral carpal tunnel syndrome is her employment.

On appeal to this Court, Lockwood & Lockwood, PLLC, argues that the Board of Review's Order must be reversed when considering our decision in *Whitten v. Bailes, Craig, & Yon, PLLC,* No. 13-1215 (December 3, 2014)(memorandum decision). In *Whitten,* we affirmed decisions of the Board of Review, Office of Judges, and claims administrator denying Ms. Whitten's request to hold her claim compensable for carpal tunnel syndrome and cubital tunnel syndrome based upon a finding that she failed to demonstrate that she developed carpal tunnel syndrome and cubital tunnel syndrome as a result of her employment. Lockwood & Lockwood, PLLC, asserts that because both Ms. Whitten and Ms. Harrell are employed as legal assistants performing primarily clerical work and because both Ms. Whitten and Ms. Harrell reported being overweight, which is a known non-occupational risk factor for the development of carpal tunnel syndrome, Ms. Harrell's application for workers' compensation benefits should be denied utilizing the same reasoning as was set forth in *Whitten.*

Although the circumstances surrounding Ms. Whitten's claim and Ms. Harrell's claim are similar, they are factually distinguishable. Dr. Thaxton also reviewed Ms. Whitten's medical record and recommended denying her application for workers' compensation benefits based in

part upon her weight and her employer's report that she worked primarily at a fair pace. In contrast, Dr. Thaxton recommended denying Ms. Harrell's application for workers' compensation benefits based solely upon her notation that relevant medical literature does not generally recognize clerical duties as a causative factor in the development of carpal tunnel syndrome. Further, unlike Ms. Whitten, Ms. Harrell's employer has reported that she works primarily at a very rapid pace. Additionally, in Ms. Whitten's claim, Prasadarao Mukkamala, M.D., stated that he questioned whether Ms. Whitten has been properly diagnosed with carpal tunnel syndrome. Finally, unlike Ms. Whitten's treating physician, Ms. Harrell's treating physician gave a detailed description in his treatment notes relating Ms. Harrell's development of carpal tunnel syndrome to her employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 26, 2016**

**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Allen H. Loughry II
Senior Status Justice Thomas E. McHugh, sitting by temporary assignment

**DISSENTING:**
Justice Robin J. Davis
Justice Brent D. Benjamin

Chief Justice Menis E. Ketchum, disqualified